Chen v. Holder

BIA
Hom, IJ
A096 336 031

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25ᵗʰ day of June, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges.*

———————————————————————————————————————

ZAI CHENG CHEN,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

09-1614-ag
NAC

———————————————————————————————————————

FOR PETITIONER: Zai Cheng Chen, pro se, New York, N.Y.

FOR RESPONDENT: Tony West, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Karen Y. Stewart, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zai Cheng Chen, a native and citizen of the People's Republic of China, seeks review of a March 31, 2009, order of the BIA affirming the March 2, 2007, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cheng Chen Zai*, No. A096 336 031 (B.I.A. Mar. 31, 2009), *aff'g* No. A096 336 031 (Immig. Ct. N.Y. City Mar. 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified and supplemented by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We defer to the agency's factual findings if they are supported by substantial evidence. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 333-34 (2d Cir. 2006); *see also* 8 U.S.C. § 1252(b)(4)(B) (providing

that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). Under this standard, the IJ's credibility determinations are afforded "particular deference." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Where the IJ's adverse credibility finding is based on specific examples of inconsistent statements or contradictory evidence, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* at 166 (internal quotation marks and alteration omitted); *see also Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (finding that an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding).

Here, the agency's adverse credibility determination is supported by substantial evidence in the record. Specifically, the agency's determination is based on inconsistencies between Chen's testimony, written application, and other supporting evidence.

First, although Chen testified that he never admitted to being a Falun Gong practitioner and that he refused to

3

disclose the identities of fellow Falun Gong practitioners to Chinese officials during an interrogation, in his asylum application he indicated that he did in fact disclose this information. *Compare* C.A.R. 329-30, 338 *with id.* at 491. Chen contends that this discrepancy was due to a mistranslation of his asylum statement. The second translation he provided, however, which the IJ considered in reevaluating its initial adverse credibility determination, remained partially inconsistent with his oral testimony. Although it did not indicate that he had disclosed the names of other Falun Gong members, it did state that he had been forced to admit that he was a member of Falun Gong. *Id.* at 58. Moreover, although Chen, in connection with his second appeal to the BIA, offered two additional translated versions of the asylum statement, both of which indicated that he neither admitted to being a Falun Gong member nor provided the names of other members, *id.* at 30, 48,[1] he did not introduce evidence or explanation establishing that these versions, rather than the two introduced previously, are accurate. Under the circumstances, we cannot say that

---

[1] These third and fourth translations are substantially identical except that they are certified as accurate by different individuals. C.A.R. 31, 49.

"any reasonable adjudicator would be compelled to conclude" that these last translations are authoritative and that the inconsistency identified by the IJ was in fact a misunderstanding. *See* 8 U.S.C. § 1252(b)(4)(B).

Second, although during his hearing Chen testified that he was repeatedly beaten with electric batons while in detention in China, he omitted this significant information from his asylum application. *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir. 2006) (stating that "[t]his Court has repeatedly held that omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination"). Finally, although Chen testified that his parents paid around 29,000 RMB to secure his release from prison, his father's letter failed to mention the payment of any money. These specific discrepancies and omissions, which relate directly to the basis of Chen's claim, are adequate support for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 294 (2d Cir. 2006).

Because Chen's claims for asylum, withholding of removal, and CAT relief were all based on the same factual predicate, and the agency found those facts not credible, all of the claims necessarily fail. *See Paul v. Gonzales*,

5

444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk